WILLIAM H. REEDER and MARY F. REEDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reeder v. Commissioner
Docket No. 1457-74.
United States Tax Court
T.C. Memo 1975-359; 1975 Tax Ct. Memo LEXIS 11; 34 T.C.M. (CCH) 1555; T.C.M. (RIA) 750359; December 22, 1975, Filed *11 Robert J. Shilliday, Jr., for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was called from the calendar for the Trial Session at Tampa, Florida on November 17 and November 18, 1975 pursuant to previous notice. Respondent was represented by counsel and there was no appearance by or on behalf of petitioners. On November 18 respondent filed a Motion to Dismiss for Failure of Petitioners to Prosecute and Comply with the Court's Rules with respect to the deficiencies determined in petitioners' income tax for the calendar years 1971 and 1972 and a Motion for Summary Judgment with respect to the addition to tax for fraud under section 6653(b), I.R.C. 1954. [1]
The record in this case discloses that on December 3, 1973 respondent mailed a notice of deficiency to petitioners determining deficiencies in income tax for the calendar years 1971 and 1972 in the amounts of $865.56 and $513.66, respectively, and additions to tax for fraud for the calendar years 1971 and 1972 under section 6653(b) in the amounts of $432.78 and $256.83, respectively. On March 1, 1974 the *12 petition in this case was filed assigning error in this determination. On May 24, 1974 respondent filed an answer containing affirmative allegations of fact on which he relied with respect to the additions to tax for fraud and affirmative allegations setting forth the facts which he alleged showed that petitioners were estopped by our decision in William H. Reeder and Mary F. Reeder, Docket No. 7761-70, T.C. Memo. 1974-68, filed March 21, 1974 from denying that they were not in the wholesale jewelry business and that their claimed jewelry sales, cost of goods sold and business expenses with respect to such a business were fictitious. Petitioners filed no reply to the affirmative allegations in respondent's answer and on August 20, 1974 respondent filed a motion under Rule 37(c) of the Rules of Practice and Procedure of this Court that the Court enter an order in this case that the undenied allegations of fact set forth in specified paragraphs of his answer be deemed to be admitted. After notice to petitioners this motion came on for hearing on September 18, 1974 and after hearing, this Court entered an order granting respondent's motion and ordering that the undenied *13 allegations of fact with respect to the additions to tax for fraud and collateral estoppel are deemed admitted. In their petition, petitioners alleged that their residence was in Lakeland, Florida. Petitioners are individuals with legal residence in May 1974 at Lakeland, Florida. Petitioner, William H. Reeder (hereinafter referred to as Reeder), and Mary F. Reeder have been husband and wife at all times relevant hereto. For the taxable years 1971 and 1972, petitioners filed joint individual income tax returns with the Director, Southeast Service Center, Chamblee, Georgia. In these returns, petitioners claimed business losses from the sale of jewelry merchandise. Reeder is a watchmaker by trade. In 1959, Reeder leased space in a shopping center in Rockville, Maryland, and opened a watch repair shop and jewelry store at that location. Reeder borrowed money to get the store started. Reeder purchased fixtures for the store in the middle of 1959 and stocked the store with merchandise that he had accumulated over the years. In order to purchase fixtures, Reeder borrowed $5,000 from the Farmers' Bank, Rockville, Maryland. As collateral for the loan, Reeder transferred to the bank $5,000 *14 worth of jewelry, but since Reeder could not operate a store without merchandise to sell, his landlord cosigned the note at the bank and the jewelry was returned to Reeder. The bank's loan to Reeder was eventually increased to $7,000 which was not paid off when Reeder closed his business in 1960. Reeder's merchandise inventory in 1959 had a cost value that did not exceed $10,000. The main source of Reeder's income from the store was from the repair of watches. In March, 1960, Reeder and an employee conducted an inventory of merchandise on hand. The inventory was taken on March 14, 1960, and showed a retail value of merchandise on hand of $53,610.11. The cost value of the inventory was approximately $26,805.05. Not all of the inventory was owned by Reeder. Reeder sold a portion of the merchandise listed on his March, 1960 inventory and purchased additional merchandise prior to the closing of his store in December, 1960. Petitioners packed their belongings and transported their personal effects and some jewelry owned by Reeder not sold prior to December, 1960, in a rented trailer to Lakeland, Florida where they owned a house. Prior to December, 1960, Reeder was paying store rent *15 of $300 per month and was making repayments on his loan at the Farmers' Bank at the rate of $250 per month. Upon departing from Maryland for Florida, Reeder abandoned a large amount of the store's assets and his bank account at the Farmers' Bank. Reeder did not take an inventory of the merchandise which he took with him to Florida. Petitioners left the merchandise from the abandoned store in their home in Lakeland, Florida. It was packed up in 2 saleman's sample cases which were approximately 20 inches wide, 12 inches deep and 30 inches high. The jewelry was not under lock and key but was stored unprotected in petitioners' Lakeland home. In 1961 petitioners' main source of income was Reeder's sale of watch materials. Reeder did not have enough inventory or capital in 1961 to open another store. Since selling off his retained inventory piece-by-piece proved unsuccessful, Reeder accepted a job with Honeywell Regulator Company in 1962 as a watchmaker. Petitioners claimed on their joint income tax returns for the taxable years 1962 through 1972 that the cost value of jewelry sold was as follows: Year
Cost of Goods Sold
1962
$ 3,231.75
1963
6,812.00
1964
6,602.00
1965
6,830.00
1966
9,894.00
1967
9,648.00
1968
7,293.00
1969
1,200.00
1970
1,191.00
1971
2,601.00
1972
2,301.00
Total
$57,603.75
*16 Petitioners claimed on their joint income tax returns for the taxable years 1962 through 1972 that their gross sales receipts from the sale of jewelry were as follows: Year
Gross Sales
1962
$ 2,462.50
1963
3,406.00
1964
3,301.00
1965
3,415.00
1966
4,947.00
1967
4,824.00
1968
0
1969
300.00
1970
436.00
1971
484.00
1972
270.00
Total
$23,845.50
Reeder did not purchase any jewelry merchandise after December 31, 1960. On their income tax returns from 1962 through 1972, petitioners never claimed a gain from the sale of jewelry. Reeder never attempted to sell his jewelry at a profit. Petitioners never advertised their jewelry for sale. Petitioners did not have any jewelry on hand after 1968. Petitioners' claimed adjusted gross income, adjusted gross income without losses, tax withheld, and the tax reported for taxable years 1962 through 1972 are as follows: Claimed Adjusted
Adjusted Gross
Gross
Income
Tax
Tax Year
Taxable Income
Without Losses
Withheld
Reported
1962
$ 3,090.77
$ 5,052.71
$ 750.32
$ 140.93
1963
4,004.00
8,614.00
1,307.00
236.00
1964
4,345.00
8,897.00
1,0 96.00
206.00
1965
4,327.00
8,701.00
1,029.00
137.00
1966
3,984.00
9,948.00
1,357.00
179.00
1967
5,103.00
10,9 37.00
1,553.34
245.00
1968
(2,863.00)
10,335.00
1,503.00
0.00
1969
2,598.00
9,552.00
1,400.00
0.00
1970
1,338.00
8,110.00
1,002.00
0.00
1971
3,025.00
9,259.00
1,043.00
0.00
1972
6,915.00
10,574.00
1,382.00
498.00
*17 The inventory retained by petitioners was sold prior to 1966. Petitioners' reporting of jewelry sales and expenses after this date was fraudulent with intent to evade tax. Petitioners allegedly conducted an inventory of jewelry merchandise in December, 1965. This inventory was fraudulent with intent to evade tax. Even though petitioners' income tax returns for taxable years 1966 through 1970 were audited by respondent in 1969, 1970, and 1972, and petitioners were made aware that respondent had determined petitioners' claimed jewelry sales and losses were fictitious, petitioners continued to claim such sales and such losses in an attempt to fraudulently evade their personal income taxes. On December 18, 1970, petitioners herein filed a petition with this Court, Docket No. 7761-70, requesting a redetermination of deficiencies determined by respondent for the taxable years 1966 and 1967. The issue involved in that case was identical to the business loss issue in this case. On March 21, 1974, this Court filed its Memorandum Findings of Fact and Opinion, T.C. Memo. 1974-68. The Court in its opinion determined that petitioners failed to substantiate that they sustained *18 losses in 1966 and 1967 from the sale of merchandise because petitioners' retained jewelry inventory was sold prior to 1966; petitioners' 1965 inventory was suspect and inaccurate; and petitioners' testimony could be given little credence. All of the essential facts relative to respondent's determination in this case that petitioners' claimed business losses should not be allowed were present in this Court in the former case. There has been no change in the applicable statutory and case law between the former case and the years now in dispute. Upon considering all of the facts in this record, we conclude that these facts are clear and convincing evidence that a part of petitioners' underpayment of tax for the calendar years 1971 and 1972 was due to fraud within the meaning of section 6653(b). Our opinion in William H. Reeder and Mary F. Reeder,supra, determined, after hearing on the merits, that petitioners had failed to substantiate that they sustained losses in 1966 and 1967 on the sale of merchandise. Whether this holding is sufficiently related to respondent's determination in this case to estop petitioners from denying that their jewelry sales in the *19 years 1971 and 1972 were fictitious, we need not decide since petitioners produced no evidence to overcome the presumption of correctness of respondent's determination as to the deficiencies in tax, and a fact which would be found because of the application of the rule of collateral estoppel would be no more indicative of fraud than is a fact determined by respondent with respect to which a taxpayer did not discharge his burden of proof. However, in our view the facts established by the admitted allegations in respondent's answer in this case are clear and convincing evidence of fraud. Upon consideration of the record in this case and the facts established therein, we conclude that respondent's motion to dismiss petitioners' petition insofar as it relates to deficiencies in tax for failure to prosecute and comply with the Court's Rules should be granted and that the evidence here establishes that part of the underpayment of tax by petitioners in each of the years 1971 and 1972 was due to fraud. We therefore sustain respondent's determination of a deficiency and of an addition to tax for fraud in each of the years 1971 and 1972. An appropriate order and decision will be issued. *20 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩